(No. 3128—

Vera Nordstrand, Claimant, vs. State of Illinois, Respondent.

*Opinion filed December 15, 1937.*

Frederick R. Nyberg, for claimant.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant seeks an award of Fifty-eight and 33/100 ($58.33) Dollars, alleging that on May 1, 1936 her agent paid that sum to the Illinois Liquor Control Commission for the issuance of a license, to retail alcoholic liquors at a restaurant then owned and operated by her and known as "A Bit of Sweden," at 1011 Rush Street, Chicago, Illinois; such license being apparently for the fourteen (14) months' license period of 1936-1937. Upon payment of such sum claimant's agent was given a receipt by the commission, numbered 13,010, showing that the commission had received of Mrs. Vera Nordstrand (A Bit of Sweden), of 1011 Rush Street, Chicago, Illinois, the sum of Fifty-eight and 33/100 ($58.33) Dollars.

The complaint further recites that subsequently, on May 26, 1936, claimant not knowing of the action by her agent in paying the deposit of license fee aforesaid, made a further payment of Fifty-eight and 33/100 ($58.33) Dollars to the Illinois Liquor Control Commission for a state license as retailer of alcoholic liquors for the address in question, and upon payment of such sum by her, was given a receipt by the commission, numbered 19,242, and which recited that the commission had received from Mrs. Vera Nordstrand (A Bit of Sweden), the sum of Fifty-eight and 33/100 ($58.33) Dollars

as a deposit of license fee for the address in question at 1011 Rush Street, Chicago.

Claimant sought a refund from the Illinois Liquor Control Commission which was refused on June 7, 1937, and the claim was herein filed on October 4, 1937, seeking a refund for the money paid by claimant to the State for a license, for which she had already through her agent previously paid.

It is the opinion of the court that it was the intention of the legislature when it passed the Liquor Control Act for Illinois, that those desiring to engage in the sale of such liquors should pay a license fee therefor, but it was certainly not the intention of the legislature then, nor is it the interpretation of the court of decisions cited by respondent that the State should be paid twice for the issuance of a license for the privilege of engaging in such business. Except for the numbers noted on the two receipts in question, and the variance of dates (one being May 1, 1936 and the other May 26, 1936), the two receipts are exact duplicates.

A license for the location in question was duly issued on the first application, and as no action was apparently taken upon the second or duplicate application, except the issuance of a receipt for the money paid, the results so far as such second application are concerned are the same as if a denial of license had been made thereon.

Paragraph 146, Chapter 43, Ill. Rev. Statutes, 1937 provides in part as follows:

"All applications—shall be accompanied by the deposit of the full amount of the license fee to be paid for the kind of license applied for, which fee shall be returned to such applicant if such application is denied."

There is nothing in the law that contemplates or justifies payment being made twice for the license in question, and claimant is apparently entitled to a refund.

The motion to dismiss the complaint is denied, and as no further question of fact appears to be involved, an award is hereby entered in favor of claimant, Vera Nordstrand, for the sum of $58.33.